IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. BOEMAN, | ) | CASE NO. 1:09 CV 848 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| DARRYL REED, *et al.*, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Before me[1] in this diversity action by a corporate shareholder resident in Ohio against four directors of the corporation resident in Virginia is a motion by the defendants to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1391, or for failure to state a claim as provided by Rule 12(b)(6).[2] Alternatively, the defendants seek to transfer venue to the Eastern District of Virginia as the more appropriate venue under 28 U.S.C. § 1404(a).[3]

---

[1] The parties here have consented to the exercise of jurisdiction by a magistrate judge. ECF # 17.

[2] ECF # 4.

[3] *Id.*

Plaintiff Christopher Boeman has responded in opposition to this motion,[4] and the defendants have replied to that response.[5]

Moreover, an oral argument was conducted on the motion.[6] The parties were then invited by the Court subsequent to that argument to file by November 3, 2009 any additional authority in support of their positions and further to specifically address the court's analysis in *Keybanc Capital Markets v. Alpine Biomed Corp.*[7] as it applies in this case.[8] The defendants[9] and Boeman[10] have timely filed supplemental authority. Accordingly, the matter is now ready for resolution.

## Analysis

Essentially, *Keybanc Capital Markets* teaches that the federal court applying Ohio law in a diversity matter need not determine whether personal jurisdiction exists before ordering

---

[4] ECF ## 14, 15. These two ECF filings are the same document. The later filing reflects that the plaintiff, who does not have access to this Court's ECF system, originally filed his response manually with a request for electronic filing by the Court, which request was then granted.

[5] ECF ## 13, 18. The fact that the reply was docketed earlier than the response if due to the above circumstances.

[6] ECF # 19.

[7] *Keybanc Capital Mkts. v. Alpine Biomed Corp.*, Case No. 1:07-cv-1227, 2008 WL 828080 (N.D. Ohio Mar. 26, 2008).

[8] ECF # 19.

[9] ECF # 20.

[10] ECF # 21.

that venue be transferred to a more proper forum.[11] Thus, a court addressing a motion to dismiss on the basis of a lack of personal jurisdiction or alternatively to transfer venue may proceed directly to address the issue of transferring venue without first deciding the issue of personal jurisdiction.[12]

As outlined in *Keybanc Capital Markets*, and stated in 28 U.S.C. § 1404(a), courts considering a request to transfer venue must first determine whether the action could have originally been filed in the transferee court. In particular, the court must find that: (1) the proposed transferee court must have subject matter jurisdiction over the case, (2) the defendant must be subject to the personal jurisdiction of the transferee court, and (3) the venue must be proper there.[13]

The requirements cited above are satisfied in this case. First, the Eastern District of Virginia would have subject matter over this action based on diversity of citizenship in that the plaintiff is a citizen of Ohio,[14] while two defendants reside in Virginia,[15] the other two

---

[11] *Keybanc Capital Mkts.*, 2008 WL 828080, at *6, citing *Edmison v. Vision Inv. & Dev.*, Case No. 1:06-cv-1108, 2006 WL 3825149, at **13-14 (N.D. Ohio Dec. 26, 2006) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)).

[12] *Keybanc Capital Mkts.*, 2008 WL 828080, at *6. "A court may order a transfer of venue whether or not it has personal jurisdiction over the defendant."

[13] *Id*. at *7, citing *Edmison*, 2006 WL 3825149, at *14 (citation omitted).

[14] ECF # 1.

[15] ECF # 4, Ex. 1 (affidavit of Darryl Reed); Ex. 4 (affidavit of Fernando Mathov).

are citizens of Maryland,[16] and the amount in controversy exceeds $75,000.[17] In addition, all defendants appear to be subject to the exercise of personal jurisdiction by the United States District Court for the Eastern District of Virginia since all of them work at the Springfield, Virginia office of Next Generation Media Corporation, which is located in the Eastern District of Virginia.[18] Finally, venue is otherwise proper in the Eastern District of Virginia because, as the location of the corporate headquarters where all the defendants conduct the business of the corporation, it is the "judicial district in which a substantial part of the events of omissions giving rise to the claim occurred."[19]

Having thus established that this action might have properly been brought originally in the Eastern District of Virginia, the court addressing a proposed change of venue must then consider whether a transfer of venue to where the suit might originally have been brought would also serve the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, [all of] which come under the rubric of 'interests of justice.'"[20]

---

[16] ECF # 4, Ex. 2 (affidavit of Leon Zajdel); Ex. 3 (affidavit of Melissa Held).

[17] ECF # 1 at 12; 28 U.S.C. § 1332.

[18] ECF # 4, Exs. 1- 4.

[19] 28 U.S.C. § 1391(a)(2).

[20] *Edmison*, 2006 WL 3825149, at *15, quoting *T&W Forge v. V & L Tool*, Case No. 05-cv-1637, 2005 WL 2739321, at *28 (N.D. Ohio Oct. 24, 2005); 28 U.S.C. § 1404(a).

As noted by the defendants here, courts are accorded broad discretion in evaluating whether a transfer serves the interests of justice.[21] The moving party must show by a preponderance of the evidence both that the action could have originally been brought in the transferee district and that the transferee district is a more convenient forum.[22] As the *Keybanc Capital Markets* court further observed, "the plaintiff's choice of forum should be given little weight where 'none of the conduct complained of occurred in the forum selected by the plaintiff.'"[23] In addition, as *Keybanc Capital Markets* also noted, "[a] motion to transfer venue may be granted with less showing of inconvenience to the moving party than is required for a *forum non conviens* motion."[24]

Here, there is little dispute that this controversy is fundamentally connected to the Eastern District of Virginia. The matter involves a claim of misconduct by corporate officers and/or directors who all conduct corporate business from the main office in Springfield, Virginia. In that regard, the defendants have represented, without refutation, that resolution of this claim will "require review/inspection of the corporate records and documents all located in Virginia."[25] Moreover, as also stated by the defendants without refutation, the

---

[21] *Roberts Metals, Inc. v. Florida Props. Mktg. Group*, 138 F.R.D. 89, 92 (N.D. Ohio 1991), *aff'd*, 22 F.3d 1104 (6th Cir. 1994).

[22] *Id*. at 93.

[23] *Keybanc Capital Mkts.*, 2008 WL 828080, at *7, quoting *Edmison*, 2006 WL 3825149, at *15 (citing *Neff Athletic Lettering Co. v. Walters*, 524 F. Supp. 268, 272 (S.D. Ohio 1981)).

[24] *Id*., at *7 (citation omitted).

[25] ECF # 4 at 10.

convenience of the witnesses favors transfer to the Eastern District of Virginia in that "all the defendants and all witnesses to the corporate activity (or lack thereof) [complained of here] will be located in Virginia (or in the immediately surrounding tri-state area)."[26]

Furthermore, I also note, as the defendants' have observed, that this matter is likely to receive more prompt attention in the Eastern District of Virginia than in this District. The information supplied by the defendants, which again has not been questioned here, shows that the Eastern District of Virginia has significantly fewer cases per judge than does this District, which then results in a significantly smaller percentage of its cases pending for three years.[27]

## Conclusion

Accordingly, for the foregoing reasons, I find that the motion of the defendants to transfer venue of this case to the United States District Court for the Eastern District of Virginia is well-taken and is, therefore, granted. I hereby order this matter transferred to that court for all further proceedings.

IT IS SO ORDERED.

Dated: November 4, 2009  s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[26] *Id.*

[27] *Id.* at 10, n.7.